UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DELANA BRANDON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SENSIO, INC.<br><br>Defendant. | **Civil Action No.:** _____<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Delana Brandon, ("Plaintiff"), individually and on behalf of all others similarly situated, respectfully submits the following Class Action Complaint against Defendant Sensio, Inc. ("Sensio" or "Defendant"). Plaintiff makes the following allegations, except as to allegations specifically pertaining to Plaintiff, upon information and belief based on, among other things, the investigation of counsel and review of public documents.

**PRELIMINARY STATEMENT**

1. This action seeks to remedy the unjust business practices of Defendant with respect to the marketing and sales of its Sensio Pressure Cookers[1] ("Recalled Pressure Cookers", "Class Pressure Cookers", or "Pressure Cookers"):

---

[1] https://www.cpsc.gov/Recalls/2023/Sensio-Recalls-Bella-Bella-Pro-Series-Cooks-and-Crux-Electric-and-Stovetop-Pressure-Cookers-Due-to-Burn-Hazard.

**Electric pressure cookers:**

| *Bella* | *Bella Pro Series* | *Crux* | *Cooks* |
|---|---|---|---|
| -14467 6-Qt | -90072 6-Qt | -14721 8-Qt | - 22276 6-Qt |
| -14570 6-Qt | - 90073 8-Qt | | |
| -14595 8-Qt | | | |
| - 14682 8-Qt | | | |
| - 14710 6-Qt | | | |
| - 14718 8-Qt | | | |
| - 14719 6-Qt | | | |
| - 14780 10-Qt | | | |
| - 90073 8-Qt | | | |

**Stovetop pressure cookers:**

*Bella*

- JY-PC20US-5P 5-Qt

-JYPC24US-8P 8-Qt

- JY-PC26US-11P 12-Qt

2. Plaintiff brings this action to remedy various violations of law in connection with Defendant's manufacturing, marketing, advertising, selling and warranting of the Recalled Pressure Cookers.

3. Specifically, these Recalled Pressure Cookers have a dangerously defective lid-locking assembly. The assembly allows a Pressure Cooker's lid to open while the cooker's contents are still under pressure, causing the super-heated contents to erupt from the cooker (in violation of

UL Standard for Safety for Pressure Cookers, UL 136) and to scald consumers with second- and third-degree burns ("the Defect").

4. On August 10, 2023, Sensio recalled nearly 860,000 of the above-referenced Recalled Pressure Cookers.[2]

5. The allegations herein are based on personal knowledge as to Plaintiff's own experience, and are made as to other matters based on an investigation by counsel, including counsel's analysis of publicly available information.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action under the Class Action Fairness Act, the relevant portion of which is codified at 28 U.S.C. §1332(d). The aggregated claims of the individual Class members exceed the sum or value of $5,000,000, exclusive of interests and costs, and this is a class action in which more than two-thirds of the proposed Plaintiff class, on the one hand, and Defendant, on the other, are citizens of different states.

7. This Court has personal jurisdiction over Defendant because Defendant is a resident of this District, with its headquarters and principal place of business located within this District at 261 Madison Avenue, New York, NY 10016.

8. Venue is proper in this District under 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District. Defendant sells and distributes its Pressure Cookers throughout the United States and has its principal place of business and headquarters within this District.

---

[2] https://www.dhses.ny.gov/sensio-recalls-bella-bella-pro-series-cooks-and-crux-electric-and-stovetop-pressure-cookers-due

**PARTIES**

9. Delana Brandon is a citizen of the State of Virginia and resides in Woodbridge, Virginia, where she intends to remain.

10. Defendant Sensio Inc. is a Delaware corporation with its principal place of business in New York, New York. Sensio's principal place of business is 261 Madison Avenue, 25th Floor New York, New York County, New York 10016.

11. Defendant designs, manufactures, markets, distributes, services, repairs, sells, and leases pressure cookers, including the Recalled Pressure Cookers, nationwide. Defendant is the warrantor and distributor of the Recalled Pressure Cookers in the United States.

12. Through various entities, Defendant markets, distributes, warrants, and sells pressure cookers, including the Recalled Pressure Cookers, in multiple locations across the United States, including Virginia.

**FACTUAL ALLEGATIONS**

13. On July 22, 2018, Plaintiff purchased her 8-quart Bella Multi-Cooker ("Plaintiff's Product") at her local BJ's Wholesale Club.

14. Plaintiff's pressure cooker's model number is included within Defendant's Recall.

15. Based on Sensio's active and persistent promotions touting the quality of its pressure cookers and on Plaintiff's admiration of Sensio pressure cookers, Plaintiff considered Sensio a quality company with a strong reputation for producing reliable pressure cookers.

16. In addition to relying on Sensio's general reputation, which Sensio gained through marketing and promotion, Plaintiff chose the specific model because she believed it was a high-quality pressure cooker.

17. Plaintiff has never been informed of any recalls or defects related to her pressure cooker by anyone affiliated with Sensio; instead, she learned of the defects from the recall letter and on social media.

18. Plaintiff's Product suffered from the Defect, which prompted Sensio's recall.

19. On April 7, 2019, Plaintiff was badly burned as a result of the heated contents of her pressure cooker spilling onto her after she was able to open the Product lid.

20. Plaintiff was completely unaware that the Product lid could be opened while the contents therein were still scalding hot. Plaintiff appropriately assumed that the lid would remain closed until the contents therein were cooled to an appropriate temperature.

21. Plaintiff was unaware that she had been deceived into purchasing an unsafe Product at the time she suffered injuries in 2019. Plaintiff reasonably assumed that her Product was perfectly normal and that her injuries were the result of an unexplained "freak occurrence."

22. Plaintiff only became aware that she had been deceived into purchasing an unsafe Product by Defendant's false advertising and deceptive practices after Defendant announced its recall.

23. Plaintiff attempted to obtain a refund from Sensio as part of its recall but was unsuccessful. She contacted Sensio directly and was advised that because she did not possess her Product any longer, no relief was available to her. Plaintiff was also advised that because she was injured by the Product, the recall was not applicable to her.

24. Since 2015, Defendant has designed, manufactured, distributed, and sold the Recalled Pressure Cookers. Defendant has sold, directly or indirectly, through dealers and other retail outlets, over 860,000 Recalled Pressure Cookers nationwide.[3]

---

[3] *Id.*

25. The recall was made public by the U.S. Consumer Product Safety Commission, www.cpsc.gov, dated August 10, 2023. The Commission received "63 reports of incidents, including 61 burn injuries, some of which involved second and third degree burns to the face, torso, arms, and hands."

26. Due to the Recalled Pressure Cooker, Plaintiff received burns to almost 20% of her body because of the lid unlocking and splashing the scalding hot contents onto her body.

27. As mentioned earlier and discussed in more detail below, the Recalled Pressure Cookers contain a design Defect that causes a serious safety concern. That is, the locking mechanism of the Pressure Cookers' closing lid is defectively designed.

28. Defendant's recall has been a complete and abject failure because it is extremely limited in nature.

29. To be eligible for a refund, a consumer must retain the Product. This recall was deliberately designed to preclude the vast majority of consumers from receiving a recall.

30. Defendant is well aware that any consumer who experienced an issue with the defect would be predisposed to throwing the Product away.

31. Accordingly, Defendant's recall is designed to reach very few people and designed to benefit very few of the consumers who purchased the Product.

32. The class action remedy is superior to Defendant's failed recall in every conceivable fashion.

## CLASS ALLEGATIONS

33. Plaintiff brings this matter on behalf of herself and those similarly situated. As detailed at length in this Complaint, Defendant sold pressure cookers that were unsafe for their

intended use. Defendant's customers were uniformly impacted by and exposed to this misconduct. Accordingly, this Complaint is uniquely situated for class-wide resolution.

34. The Class is defined as all consumers who purchased the Products anywhere in the United States during the Class Period (the "Class").

35. Plaintiff also seeks certification, to the extent necessary or appropriate, of a subclass of individuals who purchased the Products in the Commonwealth of Virginia at any time during the Class Period (the "Virginia Subclass").

36. The Class and Virginia Subclass shall be referred to collectively throughout the Complaint as the Class.

37. The Class is properly brought and should be maintained as a class action under Rule 23(a), satisfying the class action prerequisites of numerosity, commonality, typicality, and adequacy because:

38. <u>Numerosity</u>: Class Members are so numerous that joinder of all members is impracticable. Plaintiff believes that there are thousands of consumers who are Class Members described above who have been damaged by Defendant's Products.

39. <u>Commonality</u>: The questions of law and fact common to the Class Members which predominate over any questions which may affect individual Class Members include, but are not limited to:

    a. Whether Defendant is responsible for the conduct alleged herein which was uniformly directed at all consumers who purchased the Products; and

    b. Whether Plaintiff and the Class are entitled to money damages under the same cause of action as the other Class Members?

40. <u>Typicality</u>: Plaintiff is a member of the Class. Plaintiff's claims are typical of the claims of each Class Member in that every member of the Class was susceptible to the same deceptive, misleading conduct and purchased Defendant's Products. Plaintiff is entitled to relief under the same causes of action as the other Class Members.

41. <u>Adequacy</u>: Plaintiff is an adequate Class representative because her interests do not conflict with the interests of the Class Members she seeks to represent, her consumer fraud claims are common to all members of the Class and she has a strong interest in vindicating her rights, she has retained counsel competent and experienced in complex class action litigation, and counsel intends to vigorously prosecute this action.

42. <u>Predominance</u>: Pursuant to Rule 23(b)(3), the common issues of law and fact identified above predominate over any other questions affecting only individual members of the Class. The Class issues fully predominate over any individual issue because no inquiry into individual conduct is necessary; all that is required is a narrow focus on Defendant's unsafe Products.

43. <u>Superiority</u>: A class action is superior to the other available methods for the fair and efficient adjudication of this controversy because:

    a. The joinder of thousands of individual Class Members is impracticable, cumbersome, unduly burdensome, and a waste of judicial and/or litigation resources;

    b. The individual claims of the Class Members may be relatively modest compared with the expense of litigating the claim, thereby making it impracticable, unduly burdensome, and expensive—if not totally impossible—to justify individual actions;

c. When Defendant's liability has been adjudicated, all Class Members' claims can be determined by the Court and administered efficiently in a manner far less burdensome and expensive than if it were attempted through filing, discovery, and trial of all individual cases;

d. This class action will promote orderly, efficient, expeditious, and appropriate adjudication and administration of Class claims;

e. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action;

f. This class action will assure uniformity of decisions among Class Members;

g. The Class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitious litigation;

h. Class Members' interests in individually controlling the prosecution of separate actions is outweighed by their interest in efficient resolution by single class action; and

i. It would be desirable to concentrate in this single venue the litigation of all plaintiffs who were induced by Defendant's unsafe Products.

44. Accordingly, this Class is properly brought and should be maintained as a class action under Rule 23(b)(3) because questions of law or fact common to Class Members predominate over any questions affecting only individual members, and because a class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

## FIRST CAUSE OF ACTION
### VIOLATION OF VIRGINIA CONSUMER PROTECTION ACT § 59.1-200

45. Plaintiff incorporates paragraphs 1-44 as if fully set forth herein.

46. Section 59.1-200 of the Virginia Consumer Protection Act ("VCPA") prohibits "deception, fraud, false pretense, false promise, or misrepresentation in connection with a consumer transaction."

47. Here, Defendant violated the VCPA when it sold the Products while omitting the fact that the Products lacked the standard and obvious safety mechanisms, which would keep the Products closed during use and while they contained scalding hot liquids and foods.

48. Defendant knew that the Products lacked these safety mechanisms. In fact, Defendant tacitly acknowledges this lack of safety mechanisms in the Products' manuals. The relevant language is depicted below:

> **Notes on Safety Locking Lid:**
> For your safety the lid will not come off when it is in the LOCK position. To open the lid use the handle to turn the lid clock-wise to the UNLOCK position and lift-off the lid. Always keep the lid in the locked position during cooking. When cooking is complete first turn the pressure release valve to PRESSURE RELEASE position, wait for steam to escape and then turn the handle clockwise to the UNLOCK position and lift the lid off the unit. When removing the lid, remove it in such a manner that the steam is directed away from you. Do this by allowing the top of the lid to face your direction, so steam escape away from the user.

49. Thus, Defendant was undisputedly aware that the Products could be opened while in use or while containing hot contents if in the UNLOCK position.

50. Defendant is also well aware that consumers do not review Products' manuals before purchasing Products. Accordingly, they failed to identify this particular safety defect in a fashion that would actually advise a consumer of it prior to purchase.

51. The conduct of Defendant alleged herein constitutes recurring, unlawful deceptive acts and practices in violation of the VCPA, and as such, Plaintiff and the Virginia Subclass Members seek monetary damages and the entry of preliminary and permanent injunctive relief against Defendant, enjoining them from inaccurately describing, representing, marketing, and promoting the Products and from charging consumers monies in the future.

52. Defendant misleadingly, inaccurately, and deceptively advertises and markets the Products to consumers because they omitted any mention of the Defect.

53. Defendant's website, https://sensiohome.com/ mentions nothing about the Recalled Pressure Cookers. Instead the company promotes Customer Satisfaction and Sustainability. "We strive to provide exceptional support and service at every stage of your journey with us." The Discovery Sensio Home statement starts with "Our aim is to create happy homes."

54. Defendant's improper consumer-oriented conduct is misleading in a material way in that it, *inter alia*, induced Plaintiff and the Virginia Subclass Members to purchase and pay a premium for Defendant's Products and to use the Products when they otherwise would not have. Defendant made its untrue and/or misleading statements and representations willfully, wantonly, and with reckless disregard for the truth.

55. Defendant's advertising and Products' representations induced Plaintiff and the Virginia Subclass Members to buy Defendant's Products and to pay a premium price for them.

56. Defendant's deceptive and misleading practices constitute a deceptive act and practice in the conduct of business in violation of the VCPA and Plaintiff and the Virginia Subclass Members have been damaged thereby.

57. As a result of Defendant's recurring, "unlawful" deceptive acts and practices, Plaintiff and the Virginia Subclass Members, pursuant to VCPA § 59.1-204 are entitled to monetary, statutory damages of $1,000 per unit sold, compensatory, and punitive damages, injunctive relief, restitution, and disgorgement of all moneys obtained by means of Defendant's unlawful conduct, interest, and attorneys' fees and costs.

## SECOND CAUSE OF ACTION
## UNJUST ENRICHMENT

58. Plaintiff incorporates paragraphs 1-57 as if restated in full herein.

11

59. Plaintiff, and the other members of the Classes, conferred benefits on Defendant in the form of monies paid to purchase Defendant's worthless Recalled Pressure Cookers.

60. Defendant voluntarily accepted and retained this benefit. Defendant has knowledge and appreciation of this benefit, which was conferred upon it by and at the expense of Plaintiff and the Class Members.

61. Because Defendant obtained this benefit unlawfully—namely, by selling and accepting compensation for the Recalled Pressure Cookers without providing working locking mechanisms in the Recalled Pressure Cookers—it would be unjust and inequitable for Defendant to retain the benefit without paying the value thereof.

62. Moreover, the circumstances as described further herein are such that it would be inequitable for Defendant to retain the ill-gotten benefit without paying the value thereof to Plaintiff and the Class Members.

63. Defendant manufactured, marketed, and sold the Recalled Pressure Cookers under the guise of these Pressure Cookers being safe and operable. Instead, Defendant sold Pressure Cookers with faulty locking mechanisms that created deadly fire hazards and burn risks.

64. Because it would be unjust and inequitable for Defendant to retain the non-gratuitous benefits conferred on it by Plaintiff and members of the Classes, Defendant must pay restitution to Plaintiff and members of the Classes for its unjust enrichment, as ordered by the Court.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff, on behalf of herself and members of the Classes, requests that the Court enter judgment in their favor and against Defendant, awarding as follows:

A. Certifying the Classes as proposed herein, designating Plaintiff as Class representative, and appointing undersigned counsel as Class Counsel;

B. Declaring that Defendant is financially responsible for notifying the members of the Proposed Classes of the pendency of this action;

C. Awarding all actual, general, special, incidental, statutory, and consequential damages to which Plaintiff and Class Members are entitled;

D. Instituting an injunction requiring that Defendant engage in a corrective notice campaign;

E. Scheduling a trial by jury in this action;

F. Awarding pre- and post-judgment interest on any amounts awarded, as permitted by law;

G. Awarding costs including reasonable attorneys' fees, court costs, and other litigation expenses; and,

H. Any other relief the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, individually and on behalf of all those similarly situated, hereby requests a jury trial, pursuant to Federal Rule of Civil Procedure 38, on any and all claims so triable.

Dated: April 16, 2024

        Respectfully Submitted,

        **SULTZER & LIPARI, PLLC**

        By: */s/ Philip J. Furia*
        Philip J. Furia, Esq.
        Jason P. Sultzer, Esq.
        85 Civic Center Plaza, Suite 200
        Poughkeepsie, New York 12601
        Tel: (845) 483-7100
        Fax: (888) 749-7747
        furiap@thesultzerlawgroup.com
        sultzerj@thesultzerlawgroup.com

        -AND-

        Paul J. Doolittle (*Pro Hac Vice forthcoming*)
        **POULIN | WILLEY**
        **ANASTOPOULO, LLC**
        32 Ann Street
        Charleston, SC 29403
        Tel: 803-222-2222
        Fax: 843-494-5536
        Email: paul.doolittle@poulinwilley.com

        *Attorneys for Plaintiff and the Class*