UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DELANA BRANDON, individually and on behalf of all others similarly situated,

Plaintiff,

-v-

SENSIO, INC.,

Defendant.

CIVIL ACTION NO.: 24 Civ. 2859 (RA) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

This matter is before the Court on the motion of Defendant Sensio, Inc. ("Sensio") to stay discovery (see ECF No. 30 (the "Motion")), about which the Court heard argument during a telephonic conference on Wednesday, December 18, 2024 (the "Conference"). (See ECF min. entry Dec. 18, 2024). For the reasons explained below, the Motion is GRANTED.

## I. BACKGROUND

Plaintiff Delana Brandon ("Ms. Brandon") filed this action on April 16, 2024, alleging that a defective pressure cooker made by Sensio burned her. (ECF No. 1 (the "Complaint")). She asserts claims under the Virginia Consumer Protection Act, Va. Code § 59.1-200 and for unjust enrichment, and seeks to certify a nationwide class of consumers who purchased similarly defective products. (Id. ¶¶ 13–57). On August 5, 2024, Sensio moved to dismiss the Complaint. (ECF No. 17). In response, Ms. Brandon filed an Amended Complaint (see ECF No. 23 (the "FAC)), mooting Sensio's motion to dismiss. (See ECF No. 27). On October 7, 2024, Sensio filed a Motion to Dismiss the FAC (ECF No. 25 (the "MTD")), arguing that Ms. Brandon's claims are untimely and,

in any case, deficiently pled (see ECF No. 26 at 14–31). In support of its statute of limitations argument, Sensio points to Gardner v. Sensio Inc., in which a court in this District found that the plaintiff was on notice of his claim at the time he was injured and that there was "no basis to toll the statute of limitations" due to Sensio's alleged failure to disclose its product's defects. 645 F. Supp. 3d 310, 323 (S.D.N.Y. 2022). In addition, Sensio identifies Gibson-Roberts v. Sensio, Inc., No. 23 Civ. 7926 (MKV) (S.D.N.Y.), a case in which the plaintiff voluntarily dismissed her claims rather than responding to Sensio's motion to dismiss. See Gibson-Roberts, No. 23 Civ. 7926 (MKV), ECF Nos. 20, 24.

On November 15, 2024, the parties filed a Proposed Case Management Plan (ECF No. 29), and Sensio simultaneously filed the Motion, requesting that the Court stay discovery pending a decision as to the MTD (ECF No. 30). In support of the Motion, Sensio argues that (1) the outcomes in Gardner and Gibson-Roberts demonstrate the strength of its statute of limitations argument in the MTD; (2) the discovery requested by Ms. Brandon will be nationwide in scope and would be burdensome to respond to; and (3) staying discovery would not prejudice Ms. Brandon. (See ECF No. 30 at 1–3). Ms. Brandon concedes that a stay of discovery would not prejudice her, but (1) cites Virginia's equitable tolling principles to contest Sensio's arguments regarding the strength of its MTD; and (2) claims that, because she has not actually yet issued any discovery requests, that Sensio "cannot preemptively claim that a response will result in an undue burden." (ECF No. 33 at 1–3).

On November 22, 2024, the Honorable Ronnie Abrams referred this matter to the undersigned for general pretrial management and to address the Motion. (See ECF No. 34). Consistent with the referral, on December 18, 2024, the Court held the Conference and heard

argument regarding the Motion. (ECF No. 36). Although the parties largely reiterated the arguments raised in their papers, they also offered some new information relevant to the Motion—e.g., that Sensio recalled over 800,000 pressure cookers across several product lines similar to the product Ms. Brandon alleges caused her injuries and that Sensio has not yet issued a litigation hold to preserve information specific to Ms. Brandon's claims.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 26(c), "a district court may stay discovery during the pendency of a motion to dismiss for good cause shown." Shaw v. Hornblower Cruises & Events, LLC, No. 21 Civ. 10408 (CM), 2023 WL 2330368, at *2 (S.D.N.Y. Mar. 2, 2023).[1] A motion to dismiss "does not automatically stay discovery, except in cases covered by the Private Securities Litigation Reform Act." Ruilova v. 443 Lexington Ave, Inc., No. 19 Civ. 5205 (AJN), 2020 WL 8920699, at *1 (S.D.N.Y. Mar. 20, 2020); see also Barrett v. Forest Labs., Inc., No. 12 Civ. 5224 (RA), 2015 WL 4111827, at *4 (S.D.N.Y. July 8, 2015) ("It, of course, is black letter law that the mere filing of a motion to dismiss the complaint does not constitute 'good cause' for the issuance of a discovery stay."). "However, depending on the particular circumstances, 'a pending motion to dismiss may constitute' the 'good cause' required for a stay of discovery." Ruilova, 2020 WL 8920699, at *1.

In considering whether to stay discovery pending resolution of a motion to dismiss, "[c]ourts typically consider 'the breadth of discovery sought, the burden of responding to it, the prejudice that would result to the party opposing the stay, and the strength of the pending motion forming the basis of the request for stay.'" Id. (quoting Republic of Turkey v. Christie's,

[1] Internal citations and quotation marks are omitted from case citations unless otherwise indicated.

Inc., 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018)). A court has "considerable discretion" to determine whether a motion to dismiss constitutes good cause for a stay of discovery under Rule 26(c). Mortgage Resolution Servicing, LLC v. JPMorgan Chase Bank, N.A., No. 15 Civ. 293 (LTS) (JCF), 2016 WL 3906712, at *5 (S.D.N.Y. July 14, 2016) (citation omitted).

## III. DISCUSSION

Having considered the arguments raised in the Motion, its Opposition, and at the Conference, the Court concludes that good cause exists to warrant a stay of discovery pending Judge Abrams' ruling on the MTD.

### A. Strength of the Motion

The Court begins with the "strength of the motion" factor, which is satisfied through a showing that the defendant's motion presents "substantial arguments for dismissal." Ruilova, 2020 WL 8920699, at *1 (quoting Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd., 297 F.R.D. 69, 72 (S.D.N.Y. 2013)); see Spira v. TransUnion, LLC, No. 23 Civ. 4319 (NSR), 2023 WL 5664215, at *1 (S.D.N.Y. Sept. 1, 2023) (opining that, if a strong dispositive motion may significantly narrow or eliminate the issues remaining in the case, "then proceeding with discovery while the motion pends 'would waste the parties' resources and would constitute an undue burden on defendants'").

In this case, Sensio's primary argument for dismissal is that Ms. Brandon's claims are untimely. (ECF No. 26 at 15-21). The outcomes in the Gardner and Gibson-Roberts cases support its argument and therefore raise substantial questions as to the viability of Ms. Brandon's claims. Although we note that Ms. Brandon argues that Virginia equitable tolling principles will preserve her claims (ECF No. 28 at 7-12), we will not predict the outcome of the MTD, which is not before

us, and conclude that Sensio has satisfied the "strength of the motion" factor by presenting at least a "substantial argument[] for dismissal." Ruilova, 2020 WL 8920699, at *1.

**B. Breadth and Burden**

The Court finds that Sensio has also satisfied the "breadth and burden" of discovery factor. Ms. Brandon seeks to certify a nationwide class of individuals harmed by Sensio's defective pressure cookers, and Sensio stated at the Conference that its recall of pressure cookers encompassed over 800,000 devices across several unit models. She also seeks to serve document requests, interrogatories, and requests for admission. (ECF No. 29). Consequently, any discovery would be broad in scope, satisfying the second element. See Sharma v. Open Door N.Y. Home Care Servs., Inc., 345 F.R.D. 565, 569 (S.D.N.Y. 2024) (finding that discovery would be overly burdensome where "Plaintiff [] brought claims on behalf of herself and others similarly situated for the past three to six years" and where discovery "may be mooted entirely" pending the outcome of a motion to dismiss).

**C. Prejudice to Plaintiff**

Finally, as noted above, Ms. Brandon concedes that she will not be prejudiced by a stay of discovery. (See ECF No. 33 at 3). This factor therefore weighs in favor of issuing such a stay.

**IV. CONCLUSION**

For the reasons set forth above, Sensio's Motion is GRANTED, and discovery shall be stayed in this action pending Judge Abrams' decision as to the MTD. See Camacho v. Nassau BOCES Sch. Dist., No. 21 Civ. 1523, 2021 WL 4949033, at *6 (E.D.N.Y. 2021) (granting motion to stay discovery where a statute of limitations defense raised in a motion to dismiss "appear[ed] meritorious" and where "the breadth of discovery [was] likely to be voluminous" in light of the

age of the claims and the number of defendants named). In the meantime, however, by **Friday, December 27, 2024**, Sensio shall file a declaration from its counsel that Sensio has issued a litigation hold or otherwise undertaken to preserve any documents related to Ms. Brandon's injuries and claims arising therefrom**.**

The Clerk of Court is respectfully directed to close ECF No. 30.

Dated: New York, New York
December 19, 2024

SO ORDERED.

**SARAH L. CAVE**
**United States Magistrate Judge**