UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DELANA BRANDON, *individually and on behalf of all others similarly situated*,

                    Plaintiff,

              v.

SENSIO, INC.,

                    Defendant.

24-CV-2859 (RA)

OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

Plaintiff Delana Brandon brings this putative class action against Defendant Sensio, Inc. ("Sensio"), asserting claims for deceptive practices in violation of Section 59.1-200 of the Virginia Consumer Protection Act (the "VCPA") and common law unjust enrichment. Sensio moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss both of Brandon's claims. For the reasons that follow, the motion is granted.

## BACKGROUND

The following facts are drawn from the allegations set forth in the First Amended Complaint ("FAC"), ECF No. 23, and are taken as true for the purposes of this motion to dismiss. Sensio designs, manufactures, markets, and distributes pressure cookers. FAC ¶ 11. Brandon is a citizen and resident of Virginia. *Id.* ¶ 9. On July 22, 2018, Brandon purchased a Sensio pressure cooker from a local retailer. *Id.* ¶ 13. On April 7, 2019, while using the pressure cooker, Brandon was able to open the device's lid during the cooking process, causing its heated contents to spill onto her. *Id.* ¶ 19. She was badly burned as a result, suffering burns to almost 20 percent of her body. *Id.* ¶¶ 19, 27. She nonetheless assumed the product was "perfectly normal" and that the incident was an "unexplained freak occurrence." *Id.* ¶ 21. At some point after the incident, she

searched the internet for information about the model of pressure cooker she purchased, including to determine whether it was subject to a recall and whether "pressure cookers can cause injuries," but found nothing. *Id* ¶ 22.

Over four years later, on August 10, 2023, Sensio announced a recall of several pressure cooker models, including the model purchased by Brandon. *Id.* ¶¶ 4, 14. The recall stated that "[t]he pressure cooker's lid can unlock and be removed during use, causing the hot contents to unexpectedly splash out, posing a burn hazard to consumers." U.S. Consumer Prods. Safety Comm'n, *Sensio Recalls Bella, Bella Pro Series, Cooks and Crux Electric and Stovetop Pressure Cookers Due to Burn Hazard*, https://www.cpsc.gov/Recalls/2023/Sensio-Recalls-Bella-Bella-Pro-Series-Cooks-and-Crux-Electric-and-Stovetop-Pressure-Cookers-Due-to-Burn-Hazard (August 10, 2023); *see* FAC ¶ 1 n.1 (citing *id.*).[1] Brandon alleges that she did not become aware of the pressure cooker's defect until learning of the recall. FAC ¶ 23. She attempted to obtain a refund from Sensio through the recall but was unsuccessful. *Id.* ¶ 24.

Brandon commenced this action against Sensio on April 16, 2024, asserting claims for deceptive practices in violation of Section 59.1-200 of the VCPA and common law unjust enrichment. ECF No. 1. She amended her complaint on September 3, 2024. ECF No. 23. On October 7, 2024, Sensio filed the instant motion to dismiss, ECF No. 25, which Brandon has opposed, ECF No. 28.

## LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads

---

[1] "[A] complaint is considered to include a document incorporated in it by reference, or where the complaint relies heavily upon its terms and effect." *Goe v. Zucker*, 43 F.4th 19, 29 (2d Cir. 2022).

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.*[2] On a Rule 12(b)(6) motion, the question is "not whether [the plaintiff] will ultimately prevail," but "whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 529–30 (2011). In answering this question, the Court must "accept as true all factual allegations . . . but [is] not required to credit conclusory allegations or legal conclusions couched as factual allegations." *Dane v. UnitedHealthcare Ins. Co.*, 974 F.3d 183, 188 (2d Cir. 2020).

## DISCUSSION

### I. VCPA Claim

In relevant part, the VCPA prohibits "[u]sing any . . . deception, fraud, false pretense, false promise, or misrepresentation in connection with a consumer transaction." Va. Code § 59.1-200(A)(14). Brandon alleges that Sensio's failure to disclose the defect in its pressure cookers violated the VCPA. Sensio contends that Brandon's VCPA claim is barred by the law's two-year statute of limitations. *See* Va. Code § 59.1-204.1(A). Brandon responds that the statute of limitations did not begin to run until August 10, 2023, when Sensio announced the recall.

The statute of limitations for a VCPA violation is two years from the date the cause of action accrues. *See* Va. Code § 59.1-204.1(A). "Contrary to the general rule that actions accrue at the time of injury, a VCPA cause of action accrues when such fraud, mistake, misrepresentation, deception, or undue influence is discovered or by the exercise of due diligence reasonably should have been discovered." *Hyde Park Free Will Baptist Church v. Skye-Brynn Enters., Inc.*, 102 Va.

---

[2] Unless otherwise indicated, this opinion and order omits all internal quotation marks, citations, footnotes, omissions, emphases, and alterations in quoted text.

Cir. 180 (2019) (citing *Va. Code* § 8.01-249(1); *Schmidt v. Household Fin. Corp., II,* 661 S.E.2d 834, 838–39 (Va. 2008)). "The question of whether a party used due diligence to discover the fraud must be ascertained by an examination of the facts and circumstances unique to each case." *Peter Farrell Supercars, Inc. v. Monsen*, 82 F. App'x 293, 299 (4th Cir. 2003).

Under Virginia law, "[t]he statute of limitations for a VCPA claim begins to run when the plaintiff discovers the existence of a claim, not when the exact cause of injury is determined." *Hyde Park*, 102 Va. Cir. 180 (citing *Pigott v. Moran,* 341 S.E.2d 179, 182 (Va. 1986)). In *Hyde Park*, for example, the plaintiff hired the defendant to install a roofing system, which the defendant agreed to do "in a workmanlike manner." *Id.* The plaintiff immediately noticed issues with the roof, but did not bring its VCPA claim until several years later, after the roofing system's manufacturer confirmed that the issues were the result of improper installation, not a manufacturing defect. *Id.* The court held that the statute of limitations began to run when the plaintiff first "had reason to suspect" that the defendant may have performed faulty work on the roof, and not when the plaintiff ultimately concluded as much with the benefit of additional information from the manufacturer. *Id.* Similarly, in *Isle v. Martin*, 91 Va. Cir. 149 (2015), the plaintiff brought a VCPA claim in connection with a well that was contaminated with harmful bacteria. The court held that the plaintiff's claim accrued when she first identified the well water as the source of her illnesses, because she "had knowledge" at that time "of what [the] [d]efendants allegedly concealed, namely the contamination of the water." *Id.*

By contrast, in *Peter Farrell Supercars*, the counterclaim-plaintiff hired the counterclaim-defendant to perform a "race-ported engine exchange" on his car, which he believed meant that the engine would be "remove[d] and rebuil[t]," not "literally exchange[d] with that from another car," which is what he later learned had been done. 82 F. App'x at 295. The counterclaim-plaintiff

4

"experienced difficulties with the car's driveability almost immediately." *Id.* He "continued to have the car inspected by other mechanics" in search of an "answer[] to his car problems," and eventually learned that the engine had been replaced with one from another car. *Id.* at 299. The Fourth Circuit held that his claim did not accrue during the period when he "had no reason to suspect that his engine had been replaced," and instead accrued only when the replacement was discovered. *Id.* at 299–300.

Following the logic applied in the cases above, Brandon's claim accrued when she had reason to suspect the pressure cooker was defective, not when Sensio confirmed the existence of a defect. The April 7, 2019 incident in which she sustained extensive burns undoubtedly provided reason for her to suspect a defect in the product. Indeed, in her complaint, she alleges that, prior to the incident, she was "completely unaware" that the pressure cooker's "lid could be opened while the contents . . . were still scalding hot." FAC ¶ 20. Although the Court is sympathetic to Brandon in light of her injury, it concludes that she "should have" discovered the existence of her VCPA claim on the date of the incident. *Hyde Park*, 102 Va. Cir. 180. The fact that she "did not have more specific information" about Sensio's alleged deception until the 2023 recall is "immaterial." *Id.*

Judge Cote reached a similar conclusion in *Gardner v. Sensio Inc.*, 645 F. Supp. 3d 310 (S.D.N.Y. 2022), where the plaintiff brought an analogous claim under New York's General Business Law, *id.* at 323. The court declined to equitably toll the law's statute of limitations, reasoning that the plaintiff "should have discovered the claim within the limitations period because her son and his girlfriend were allegedly injured" by the pressure cooker two years before the limitations period elapsed. *Id.* Like the plaintiff in *Gardner*, Brandon had two years from the date of the April 7, 2019 incident to "to learn that she may have had a claim under the [VCPA] and to

5

bring that claim in a timely manner." *Id.*

Finally, Brandon's assertion that, at some point after being "badly burned," FAC ¶ 19, she searched the internet for information about pressure cookers causing injuries and, finding none, assumed that the incident was a "freak occurrence," *id.* ¶ 21, does not amount to a plausible allegation of due diligence. *See STB Mktg. Corp. v. Zolfaghari*, 240 Va. 140, 144 (1990) ("The language 'by the exercise of due diligence reasonably should have been discovered,' as used in Code § 8.01–249, means 'such a measure of prudence, activity, or assiduity, as is properly to be expected from, and ordinarily exercised by, a reasonable and prudent [person] under the particular circumstances; not measured by any absolute standard, but depending on the relative facts of the special case.'"). Plaintiff's VCPA claim thus accrued on April 7, 2019, and the limitations period expired two years later.

Accordingly, the motion to dismiss is granted with respect to the VCPA claim.

## II.     Unjust Enrichment Claim

Brandon also asserts a claim for unjust enrichment. To state a cause of action for unjust enrichment under Virginia law, a plaintiff must allege that: (1) "plaintiff conferred a benefit on defendant; (2) defendant knew of the benefit and should reasonably have expected to repay plaintiff; and (3) defendant accepted or retained the benefit without paying for its value." *T. Musgrove Constr. Co., Inc. v. Young*, 840 S.E.2d 337, 341 (Va. 2020). Unjust enrichment claims under Virginia law are subject to a three-year statute of limitations. *See* Va. Code § 8:01–246(4); *McPike v. Zero-Gravity Holdings, Inc.*, 280 F. Supp. 3d 800, 809 (E.D. Va. 2017). "The discovery rule does not apply to unjust enrichment claims; the period begins to run at the time the unjust enrichment occurred[,] not when a party knew or should have known of the unjust enrichment." *Harmon v. Harmon*, No. 1-20-CV-1442, 2022 WL 610174, at *9 (E.D. Va. Mar. 1, 2022). The

statute of limitations for Brandon's unjust enrichment claim therefore began to run on July 22, 2018, when she purchased her Sensio pressure cooker. FAC ¶ 13. It expired three years later, well before this litigation commenced.

Seeking to avoid this bar, Brandon argues that equity requires that the statute of limitations be tolled through the date of the recall, when she allegedly first learned of the defect. Under Virginia law, however, "[i]t is well-established that statutes of limitations are strictly enforced and must be applied unless the General Assembly has clearly created an exception to their application." *Casey v. Merck & Co.*, 722 S.E.2d 842, 845 (Va. 2012). "[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Harmon*, 2022 WL 610174, at *10. Here, the FAC fails to allege that Brandon "diligently pursu[ed] [her] rights" during the limitations period, which is "a core requirement of the doctrine." *Id.* Nor does it contain allegations of "extraordinary circumstances," that might justify equitable tolling, such as affirmative obstruction, *see Brunswick Land Corp. v. Perkinson*, 151 S.E. 138, 140 (Va. 1930), or fraud, *see Schmidt*, 661 S.E.2d at 839. Brandon thus has "not cleared the high hurdle of equitable tolling, and this Court will not supplant the statute of limitations on [her] unjust enrichment claim." *Harmon*, 2022 WL 610174, at *10.

Accordingly, the motion to dismiss is granted with respect to the unjust enrichment claim.

### III.   Leave to Amend

Whether to permit a plaintiff to amend her complaint is a matter committed to a court's "sound discretion." *McCarthy v. Dun & Bradstreet Corp.,* 482 F.3d 184, 200 (2d Cir. 2007). Federal Rule of Civil Procedure 15(a) provides that leave to amend a complaint "shall be freely given when justice so requires." Leave to amend should be denied when the proposed amendment

would be futile. *McCracken v. Verisma Sys., Inc.*, 91 F.4th 600, 609 (2d Cir. 2024). The Court has concluded as a matter of law that Brandon's VCPA claim accrued no later than April 7, 2019, and that her unjust enrichment claim accrued on July 22, 2018. Since both claims are time barred, amendment would be futile. *See Tompkins v. AlliedBarton Sec. Servs.*, 424 F. App'x 42, 43 (2d Cir. 2011). Accordingly, leave to amend is denied.

## CONCLUSION

For the foregoing reasons, the motion to dismiss is granted with prejudice. The Clerk of Court is respectfully directed to terminate the motion pending at ECF No. 25.

SO ORDERED.

Dated:   May 29, 2025
         New York, New York

_____
Ronnie Abrams
United States District Judge